Judge UNDERtvoor,
delivered the opinion of the court.
David R. Stout conveyed in trust, to Robert A. Scurgus his goods, wares and merchandize, his equitable interest or title to a house and lot and his choses in action, for the purpose of paying sundry debts. John lligbee Sr. the testator, in his lifetime, tiled his bill to set aside the conveyance as fraudulent, and to subject the property in the hands of Sturgus, to the pajanent of debts due him by Stout. After the death of Higbee, the suit was revived in the name of the defendants in error, claiming to be his executors, who succeeded in obtaining a decree for the sale of the house and lot.
The decree has been obtained under proceedings so irregular, that it must be reversed. Sturgus, the trustee, being dead, his heirs, by guardian ad litem, and his pciaonal representatives, answered, requiring full proof of the allegations of the bill. There is no competent evidence, in relation to the representatives of Sturgus and C.. C. Porter, proving that the defendants in error, are executors of John Higbed’s ■ will, or that he left a will, unless those tilings can be taken for confessed. But if they can be, there is not a particle of proof furnished, showing, that the deed of trust was executed for fraudulent purposes. The deed • directs the trustee to pay in the first place, out of tne trust property, a debt due Samuel Allison; next a debt due the bank of Kentucky, &c.
Turner, for plaintiffs; Combs, for defendants.
The persons whose debts were thus provided for in the deed, were not made parties. It does not appear, that David it. ¡5, out was served with process, to answer the bill of revivor. It seems to have been ascertained after the house and lot had been sold by the commissioner appointed for that purpose, that the title thereto, was in C. C. Porter. The bill was thereupon amended, making him a party ; but it does not appear, that he was ever brought before the court by the service of a subpoena. Notwithstanding this, the court decreed that he should convey the lot to Williams, the purchaser by deed, with general warranty, and in failing to convey by a given day, a commissioner was directed to convey for him. The commissioner accordingly executed a deed which was approved by the court.
The following are palpable errors apparent 'froto the foregoing statement of the case.
1st." It was error to grant relief in the absence of all evidence showing, that the deed had been fraudulently executed.
2d. The persons named in the deed, and to whom a preference was given in the payment of their debts, were necessary parties in a procceeding to impeach the deed for fraud.
3d. David R. Stout ought to have been brought before the court, by a subpoena upon the bill of re-vivor, so that he might thereby have been informed, that the suit was pending. As to him the exhibits of • the proceedings at common law were sufficient to show, that the defendants in error were executors of John Higbee, deceased.
4th. The decree against Porter is a niillity, as the record stands-.
Wherefore, the decree is reversed, and the 'cause remanded with directions to give the complainants leave, to bring the proper parties before the court, and to take further steps to prepare their case for trial, and on their failure to do so, then their bill must be dismissed without prejudice. ^
The plaintiffs in this court must recover their costs-.